```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
ATHINA SAOULIS,                                                   :
                                                                  :
                                                                  :
                        Plaintiff,                                :   **MEMORANDUM DECISION**
                                                                  :   **AND ORDER**
         - against -                                              :
                                                                  :   20-cv-735 (BMC)
                                                                  :
CREDIT CONTROL SERVICES, INC. d/b/a                               :
CREDIT COLLECTION SERVICES,                                       :
                                                                  :
                                                                  :
                        Defendants.                               :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff initially brought this Fair Debt Collection Practices Act ("FDCPA") case alleging that defendant had communicated with a third party regarding her debt, in violation of 15 U.S.C. § 1692c(b). Defendant moved for judgment on the pleadings on the basis that the letter, which was addressed to plaintiff by name, was not a communication with a third party. In opposition to the motion, plaintiff chose to "withdraw her § 1692c(b) [claim] and instead allege that, by sending the letter to an address that Defendant knew or should have known was an address at which Plaintiff did not reside or receive mail, that it failed to provide her the notice of rights required by § 1692g(a), or in the manner required." Plaintiff's opposition to defendant's motion for judgment on the pleadings is styled as a cross-motion to amend her complaint and includes the proposed amended complaint as an attachment. Defendant, in turn, opposed the proposed amendment in its reply in support of its motion for judgment on the pleadings, and I will consider its motion to apply to the proposed amended complaint.

Under Federal Rule of Civil Procedure 15, a party may amend its pleadings once as a matter of course, and after that only with the opposing party's consent or leave of court. A court

may deny a proposed amendment as futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." See IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015) (*colatus*[1]). Defendant argues that the amendment would be futile because § 1692g(a) neither speaks to the debt collector's knowledge nor implies that a debt collector's mental state could negate satisfaction of that statute's requirements. I agree.

> In its entirety, § 1692g(a) provides:
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Nowhere in this provision is there any language imposing liability on a debt collector who "knew or should have known" that the consumer did not live at the address to which a dunning letter was sent. Nor is there any indication that satisfaction of the technical requirements set forth in § 1692g(a) could be undermined if the debt collector knew or should have known that the address was incorrect. As defendant correctly points out, "[t]he only duty

---

[1] I.e., edited citation.

2

that falls upon a debt collector under Section 1692g(a) is to send an initial collection letter that effectively conveys the disclosures set out in 1692g(a) to the debtor."

Plaintiff's claim is made even stranger by the fact that defendant's letter does, in fact, comply with § 1692g(a), as it includes all of the required notices under that provision:

> **Federal Law:**  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Thus, if plaintiff concedes that she received this initial communication, which she must else she could not have brought this action, then she has no basis to argue that she didn't simultaneously receive the notices it contained.  Plaintiff, instead, would have me conclude that this letter is an initial communication that triggers the obligations set forth in § 1692g(a) for one purpose, but that it is not an initial communication that plainly satisfies those obligations for another purpose. Moreover, the time-sensitive rights mentioned in § 1692g(a) are waived "thirty days after *receipt* of the notice" (emphasis added), meaning that plaintiff could not have been prejudiced as to these rights by any delay in the letter reaching her.

To the extent plaintiff interprets an "initial communication with a consumer" to have occurred at the moment it is mailed by the debt collector, thus rendering the sender automatically liable under § 1692g(a) if the mail takes longer than 5 days to reach the consumer, I reject that understanding as ignoring the plain meaning of the word "with."  See Karimian v. CMRE Fin. Servs. Inc., No. 12-cv-8359, 2013 WL 12114825, at *5 (C.D. Cal. May 14, 2013) ("If Plaintiff did not receive the letter, then there is no evidence that Defendant engaged in any 'initial

communication' with Plaintiff that would trigger its duties under § 1692g(a)."). In any event, a debt collector must merely *send* the notices within 5 days of the initial communication. Therefore, even under that strained interpretation, defendant would have sent the required notices in time because they were contained in the initial communication.[2]

It also bears mentioning that another section of the FDCPA *does* contain a prohibition against communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." See 15 U.S.C. § 1692c(a)(1). However, plaintiff has not asserted a claim under that section and I am not going to infer it, especially considering that she had previously alleged a violation under § 1692c in her original complaint.

Moreover, even if she had pleaded a § 1692c(a)(1) violation, the complaint contains insufficient non-conclusory allegations from which I could infer that defendant is liable. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff avers only that (1) she was not living at the address to which the letter was sent, and (2) she "never gave" the address to either the service provider or the creditor. She does not allege the address that she gave the creditor, if any at all. These allegations, at most, support a conclusion that defendant must have learned of this address in some other context.[3] To that end, plaintiff concedes in her amended complaint that she had indeed once lived at the address with her grandmother and that her grandmother had still lived at that address during the relevant time period. If anything, these facts evidence that defendant could have reasonably believed the address was a suitable place to send the letter. I also note

---

[2] Paragraphs 49 and 50 of plaintiff's amended complaint suggest that this may be the desired reading of "initial communication": "49. Plaintiff did not receive the Letter within 5 days of the date it was sent. 50. Defendant failed to provide the notice required by 15 U.S.C. § 1692g(a) within the time frame provided under such section." But as discussed, that understanding of an "initial communication" as occurring on the "date it was sent" is not supported.

[3] Defendant's answer suggests as much by alleging that it obtained the address at issue from the creditor.

4

that plaintiff successfully obtained possession of the letter, which is further post-hoc confirmation that it was sent to an appropriate address (although, of course, of limited probative value).

Importantly, the allegations in the complaint do not suggest that defendant intended to harass plaintiff, which is the principal evil that the FDCPA drafters sought to prevent. See 15 U.S.C § 1692(a) ("It is the purpose of this subchapter to eliminate abusive debt collection practices."). A helpful comparison can be found in Duran v. Midland Credit Mgmt., Inc., No. 15-cv-5940, 2016 WL 3661538 (S.D.N.Y. June 30, 2016), which similarly dealt with a dunning letter sent to the plaintiff by name but mailed to his brother's address. The court in Duran held that the letter did not constitute a communication with a third party, but also concluded that the complaint stated a claim under § 1692c(a)(1) for sending the letter to an "inconvenient" place. Of relevance to the court was that the defendant had previously sent multiple correspondence to the plaintiff's correct address, that the plaintiff had never resided at his brother's address, and that the plaintiff had never had a credit account associated with his brother's address. From these allegations, the court inferred that the defendant knew or should have known it was sending the letter to an improper address.

But I have none of that here. As far as the proposed amended complaint is concerned, defendant sent only one letter to an address with which plaintiff had historically been associated. Moreover, even if plaintiff no longer resided with her grandmother, residence is not the standard under § 1692c(a)(1), convenience is, about which the complaint is silent.

Accordingly, defendant's [24] motion for judgment on the pleadings is granted, and

5

plaintiff's [25] motion to amend is denied.  The Clerk is directed to enter judgment, dismissing the case.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       June 1, 2020